IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED ROACH, | : | |
|            *Petitioner*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL et al., | : | No. 13-3573 |
|            *Respondents*. | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                                                   JULY 14, 2014

In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Alfred Roach contends that his sentence of mandatory life imprisonment without parole for his conviction of first degree murder, which he committed as a teenager, violates the new rule embodied in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). He contends that *Miller*'s rule should be applied retroactively, as the Supreme Court implied in *Miller* by simultaneously reversing and remanding *Miller*'s companion case, *Jackson v. Hobbs*, 378 S.W.3d 103 (Ark. 2011), which came to the Supreme Court on collateral review. *See Miller*, 132 S. Ct. at 2461-62. *See generally* Pet. (Docket No. 1); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (same argument). Currently at issue is Mr. Roach's "Motion for Reconsideration of the Court's Ruling of March 4, 2014; and/or Motion for Enlargement of Time to File Notice of Appeal" ("Motion," Docket No. 5) from the Court's *sua sponte* dismissal of his petition as second or successive without appellate authorization. For the following reasons, the Court will deny reconsideration but grant a 30-day extension to file a notice of appeal.[1]

---

[1] Mr. Roach's Motion was timely filed. With or without the prisoner mailbox rule, and under any reconsideration time limits, Mr. Roach timely filed, on March 18, 2014, his motion for reconsideration. *See* E.D. Pa. Local R. Civ. P. 7.1(g) (14 days); Fed. R. Civ. P. 59(e) (28 days).

The Court analyzes Mr. Roach's Motion under Federal Rule of Civil Procedure 59(e), which "suspends the finality of the judgment by tolling the time for appeal" in recognition, including in habeas proceedings under § 2254, of "the inherent power that [a district court] has to rectify its own mistakes prior to the entry of judgment for a brief period of time immediately after judgment is entered." *Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011) (emphasis omitted). But the permissible scope of Rule 59(e) motions for reconsideration is "extremely limited," *id.* at 415, and such a motion will be granted only "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). Mr. Roach's Motion can be read as asserting only the third basis. But, for the reasons explained below, the Court concludes that it committed no error of law, clear or otherwise. Reconsideration must therefore be denied.

Mr. Roach filed the instant habeas petition on June 21, 2013. On March 4, 2014, the Court dismissed the instant petition as second or successive under 28 U.S.C. § 2244(b)(3)(A), but it did so without prejudice to Mr. Roach's seeking the Third Circuit Court of Appeals' authorization to proceed.[2] Mr. Roach's problem is that he last filed a habeas petition on January 28, 1998. *See* Pet., *Roach v. Vaughn*, No. 98-0440, ECF No. 1 (E.D. Pa.). The district court denied *that* petition as second or successive, *see* Order, *Roach*, ECF No. 3 (Nov. 25, 1998), and the Third Circuit Court of Appeals denied his application to file it as a second or successive

---

[2] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

petition, *see* Certified Copy of Order from Third Circuit Court of Appeals, *Roach*, ECF No. 4 (Feb. 4, 1999).

Now moving for reconsideration, Mr. Roach contends that the Court erred in that his instant habeas petition "should not be deemed a second or successive" petition "because the prior adjudication took place prior to AEDPA's [(the Antiterrorism and Effective Death Penalty Act's)] enactment." Mot. 2.

This assertion contravenes well-established law. While, for substantive matters, "AEDPA's restrictions on filing second or successive petitions do not apply if they would have an impermissible retroactive effect" in cases in which the previous petition(s) were filed before AEDPA, *Frankenberry v. Ct. Com. Pl.*, 365 F. App'x 334, 336 (3d Cir. 2010) (per curiam), the "*procedural* provisions" present a separate question, *In re Minarik*, 166 F.3d 591, 599 (3d Cir. 1999) (emphasis added). In particular, AEDPA's new requirement that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C. § 2244(b)(3)(A), "is a change in procedural law . . . that may be retrospectively applied." *Minarik*, 166 F.3d at 599. Thus, the Third Circuit Court of Appeals has held, "[b]ecause AEDPA . . . calls for the application of § 2244(b)(3)(A) to cases filed after April 24, 1996, and because it is a rule of procedure that does not attach new legal consequences to events completed before its enactment," habeas petitioners wishing to file a second habeas petition "must seek permission of a Court of Appeals prior to proceeding on a second petition, even if their first petition was filed before the Act was adopted." *Id.* at 599-60 (internal quotation marks omitted) (citing *In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) ("Inmates who wish to file a second or successive petition should first file a motion in [the Court of Appeals] requesting permission under 28 U.S.C. §§ 2244, 2255, regardless of when the first motion to vacate

sentence was filed."); *see also, e.g.*, *United States v. Roberson*, 194 F.3d 408, 413 n.2 (3d Cir. 1999) (Alito, J.).[3]

AEDPA's procedural requirement, in 28 U.S.C. § 2244(b)(3)(A), that a habeas petitioner who wishes to file a second or successive petition must first obtain the approval of the appropriate court of appeals, has the effect of "allocat[ing] subject-matter jurisdiction to the court of appeals" such that "[a] district court must dismiss [the] second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Robinson v. Johnson*, 313 F.3d 128, 140 (3d Cir. 2002) (quoting *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). Aside from dismissing the petition, the district court's only other "option is to . . . transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Id.* Because Mr. Roach's instant habeas petition was not his first, he was obligated to ask the Third Circuit Court of Appeals for authorization to file it. He did not. Therefore, in its March 4, 2014 Order, this Court appropriately dismissed the petition. Reasonable jurists would not debate this ruling, and so the Court's denial of a certificate of appealability ("COA") was not in error.[4]

Although the Court's dismissal of Mr. Roach's petition without prejudice leaves him free to file for authorization in the Third Circuit Court of Appeals, Mr. Roach claims that the Court

---

[3] *Mancuso v. Herbert*, 166 F.3d 97 (2d Cir. 1999), far from helping Mr. Roach, in fact likewise states that "the AEDPA [(Antiterrorism and Effective Death Penalty Act)] applies to a habeas petition filed after the AEDP's effective date, regardless of when the petitioner filed his or her initial habeas petition and regardless of the grounds for dismissal of such earlier petition." *Id.* at 101.

[4] *See, e.g.*, *Pabon v. Mahanoy*, 654 F.3d 385, 392 (3d Cir. 2011) ("*Slack v. McDaniel*, interpreting [28 U.S.C.] § 2253(c), clarifies that when a district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, as here, a COA may issue only if the petitioner shows that: (1) 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.' 529 U.S. 473, 478 (2000)."); R. Governing Section 2254 Cases 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."), *available at* http://www.uscourts.gov/uscourts/rules/2254-2255.pdf.

4

also erred by not transferring his petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[5] But even if the Third Circuit Court of Appeals, properly presented with an application for authorization to file a second or successive petition, *were* to grant Mr. Roach authorization to file the instant petition, the Court would then be obligated to "dismiss [the] petition for lack of jurisdiction if it finds that the requirements for filing such a petition have not in fact been met." *Pendleton*, 732 F.3d at 283.

It is true that the Court need not (and in fact cannot, *Robinson*, 313 F.3d at 139) make a full merits determination at this juncture. But to evaluate Mr. Roach's claim that the Court should have transferred his petition to the Third Circuit Court of Appeals instead of dismissing it, the Court must assess whether "it is in the interest of justice" to make the transfer, 28 U.S.C. § 1631, because "there is no reason to raise false hopes and waste judicial resources by transferring a case that is clearly doomed." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

> If the limited review reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—should dismiss the case rather than waste the time of another court. Expedition is the byword in administering the new system of postconviction review created by the Antiterrorism and Effective Death Penalty Act of 1996 . . . .

---

[5] Section 1631 provides, in full:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

*Id.* at 611.[6] And so, "[i]n deciding [whether] it would not be in the interest of justice to transfer the petition" to the appropriate court of appeals, a district court "properly consider[s] whether [the petitioner] had alleged facts sufficient to bring his petition within the gatekeeping requirement of [AEDPA] permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *Hatches v. Schultz*, 381 F. App'x 134, 136-37 (3d Cir. 2010) (per curiam) (referring to 28 U.S.C. § 2255(h)).

Mr. Roach has not alleged such facts. If Mr. Roach had his druthers, his petition would proceed as based upon the new rule of constitutional law announced in *Miller*. The Supreme Court held in *Miller* that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments," 132 S. Ct. at 2460, and Mr. Roach argues that *Miller*'s new rule should apply retroactively to his sentencing because he was a "teenager" when he committed his underlying crime. Were retroactive effect all that Mr. Roach sought, he well may be entitled to the Court of Appeals' authorization to proceed here—in *In re Pendleton*, 732 F.3d 280, the Third Circuit Court of Appeals concluded that the claim that *Miller* is retroactive is prima facie meritorious and, therefore, permitted the filing of second or successive petitions. But Mr. Roach seeks more:

---

[6] Judge Posner further explained:

> A court is authorized to consider the consequences of transfer before deciding whether to transfer; that is implicit in the statute's grant of authority to make such a decision, *see Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818 (1988), and implies in turn that the court can take a peek at the merits, since whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it. It may seem paradoxical to suggest that a court that lacks jurisdiction over a case can examine the merits of the case. But the paradox dissolves when we remind ourselves that Congress in 28 U.S.C. § 1631 has conferred jurisdiction on federal district courts to decide whether to transfer or dismiss cases over which they lack jurisdiction to adjudicate fully. The limited jurisdiction that has been conferred creates a power of limited review of the merits.

*Phillips*, 173 F.3d at 610-11.

the *Pendleton* petitioners were, ostensibly, "juveniles" (or so they claimed), *id.* 282, whereas Mr. Roach asserts that he was born on November 18, 1954, and that he was convicted of "a crime alleged to have been committed on July 7, 1974." Pet. 26. Those dates, of course, make him 19 years old when he committed the crime, and thus outside of *Miller*'s new rule, retroactive or not. Because Mr. Roach was 19 when he committed his underlying crime, under his own factual allegations, he does not fall under *Miller*'s new rule, even if the rule is ultimately held to apply retroactively. He is not entitled to reconsideration.

Mr. Roach also seeks an extension of time to appeal. The Court will grant him 30 additional days; thus, he shall have 60 days from the date of this Order to file his notice of appeal.[7]

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[7] *See* Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."); Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . to alter or amend the judgment under Rule 59); *accord Blystone*, 664 F.3d at 414.